**Otis BURR, Plaintiff,**

v.

**Jack DUCKWORTH, State of Indiana, and the State Department of Correction, Defendants.**

**No. S 81–422.**

United States District Court,
N. D. Indiana,
South Bend Division.

Sept. 24, 1982.

---

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Otis Burr, pro se.

Linley E. Pearson, Atty. Gen. of Ind., Charles N. Braun II, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was tried without a jury on August 23, 1982 at the Indiana State Prison. The following memorandum constitutes this Court's findings of fact and conclusions of law in conformance with the requirements of Rule 52 of the Federal Rules of Civil Procedure.

The plaintiff, Otis Burr, an inmate at the Indiana State Prison, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff contends that he sustained personal injuries as a result of prison correctional authorities' alleged indifference to inmate violence and that the defendants' actions constitute a violation of the Eighth Amendment's proscription against the infliction of cruel and unusual punishment. Specifically, plaintiff alleges that he had requested on numerous occasions to be transferred from the Indiana State Prison to the Pendleton Reformatory, for the reason that other inmates at the prison had threatened his life, but that his requests for transfer had gone unheeded. As a result of the prison administration's failure to act on plaintiff's requests, Mr. Burr claims that he has been attacked twice by fellow inmates and has been forced to dispense sexual favors in order to secure a measure of protection against future assaults.

At the commencement of the proceedings, plaintiff asked the Court why he was not being represented by an attorney. Taking plaintiff's question to be tantamount to a motion for the appointment of counsel under 28 U.S.C. § 1915(d), this Court denied the motion. *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981), sets forth guidelines for the appointment of counsel in this type of case.

In *Maclin,* the Court of Appeals for the Seventh Circuit held that, while the decision to appoint counsel rests within the sound discretion of the district court, such discretion is not unfettered. Id., at 886. Certain factors must be weighed by the Court including, but not limited to, the merits of the claim, the nature and complexity of the factual and legal issues, and the mental or physical ability of the plaintiff to gather the facts necessary to adequately present his case. Id., at 887–88.

■ In this case, there was no evidence that the plaintiff was mentally or physically impaired, or that he lacked the necessary ability to uncover the facts or to research the law relevant to his claim. Further, plaintiff did not bring to the attention of this Court any desire to have the assistance of counsel until the day of trial, despite the fact that the action had been filed more than nine months before the date set for trial.[1] Therefore, after carefully weighing the criteria in *Maclin* and the facts set forth above, this Court concludes that the denial of plaintiff's motion for the appointment of counsel was proper.

Plaintiff brought this action against Jack R. Duckworth, Superintendent (formerly Warden) of the Indiana State Prison, the State of Indiana, and the Department of Correction. Therefore, the initial question before this Court is whether *vel non* plaintiff may proceed directly against the State and its Department of Corrections in a § 1983 action.

■ The State of Indiana no longer strictly adheres to the doctrine of sovereign immunity, Ind.Const.Art. IV; Ind.Code Ann. § 34–4–16.5–1 *et seq.* (Burns 1981), and is therefore not immune from liability in a state court proceeding for damages resulting from the exercise of its proprietary or governmental functions. *State v.*

*Daley,* 153 Ind.App. 330, 287 N.E.2d 552 (1972); *State v. Turner,* 153 Ind.App. 197, 286 N.E.2d 697 (1972). However, and notwithstanding the inroads made on the Eleventh Amendment by *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), and its progeny, a direct action against a state and its department of corrections in a federal court under 42 U.S.C. § 1983 is barred by the Eleventh Amendment, absent consent to suit on the part of the state. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 56 L.Ed.2d 1114 (1978); see also, *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979); *Rucker v. Higher Educational Aids Board,* 669 F.2d 1179 (7th Cir. 1982) (state agency immune from damages liability in suit in federal court under 42 U.S.C. § 1983 by virtue of the Eleventh Amendment). The pertinent Indiana statute provides, in relevant part:

> Nothing in this chapter shall be construed as a waiver of the eleventh amendment to the Constitution of the United States, as consent by the State of Indiana or its employees to be sued in any federal court . . . .

Ind.Code Ann. § 34–4–16.5–5(d) (Burns 1981). A careful review of the record reveals that the State of Indiana has not consented to suit in this action. Therefore, under the authority of *Alabama v. Pugh, supra,* this Court dismissed the State of Indiana as a party defendant on August 23, 1982, and plaintiff is likewise barred from proceeding against the State Department of Correction.

■ To state a cause of action under § 1983, the conduct complained of must have been committed by a person acting under color of state law, and said conduct must have deprived the complainant of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101

---

1. The record reveals that a letter dated May 5, 1982, was sent to the Clerk of this Court by Dean Eveland, Esq., of the firm of Kenneth C. Kern and Associates, requesting the Clerk's Office provide Mr. Eveland with copies of the Court minutes, pleadings and motions in the action. Apparently Mr. Eveland had been contacted by the plaintiff and had been asked to represent him. An entry on the docket sheet for May 17, 1982, shows that the requested documentation was sent to Mr. Eveland on that date; no further communication between Mr. Eveland and this Court followed.

S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). In the case presently before this Court, it is undisputed that any act or failure to act on the part of defendant Duckworth would be under color of state law. The issue, therefore, is whether the defendant's failure to transfer the plaintiff to another facility constituted a deprivation of the plaintiff's constitutional right to be protected against the infliction of cruel and unusual punishment.

 Prisoners have rights secured by the Eighth Amendment's prohibition of cruel and unusual punishment to receive reasonable protection from harm inflicted by other inmates. *Madyun v. Thompson,* 657 F.2d 868, 875 (7th Cir. 1981). The standard for determining what is cruel and unusual punishment was enunciated in *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). In *Gregg,* the Court held that the Eighth Amendment's protection against cruel and unusual punishment requires that there be neither "unnecessary and wanton infliction of pain" nor punishment "grossly out of proportion to the severity of the crime." *Id.,* at 173, 96 S.Ct. at 2925. In a subsequent case, the court held that the unnecessary and wanton infliction of pain criterion would exist in a medical context where deliberate indifference on the part of prison authorities to the medical needs of an inmate could be proven. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Thus, deliberate indifference to the deprivation of an inmate's rights is actionable where it can be shown that the prison's authorities manifested an actual intent to so deprive him of his rights, or recklessness in ignoring threats. *Little v. Walker,* 552 F.2d 193, 197–98 n. 8 (7th Cir. 1977), *cert. den.,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978). There must be a measure of personal involvement on the part of the defendant, either in the form of direct, overt acts, or at least a knowing acquiescence. *McDonald v. State of Illinois,* 557 F.2d 596 (7th Cir. 1977), cert. den., 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453; see also, *Adams v. Pate,* 445 F.2d 105, 107 (7th Cir. 1971) (failure to allege overt acts on the part of the defendant states a cause of action under a theory of *respondeat superior,* which is not grounds for recovery under 42 U.S.C. § 1983).[2]

Superintendent Duckworth testified, and plaintiff did not deny, that plaintiff was removed from general population and placed in protective segregation once plaintiff had expressed fear for his personal safety to a correction officer. Defendant Duckworth further testified that, absent an identification by the complainant of the inmate threatening him, the prison's administration could do no more than place the complaining prisoner in protective segregation. The reason for this is that the prison's authorities are seriously hampered in their efforts to protect an inmate from his prospective assailant when the complainant

---

**2.** In his pleadings, plaintiff cites the case of *Woodhous v. Commonwealth of Virginia,* 487 F.2d 889 (4th Cir. 1973). On page 890 of the *per curiam* opinion, the Court of Appeals admonished the district court to ascertain "(2) whether the officials are exercising reasonable care to prevent prisoners from intentionally harming others or from creating an unreasonable risk of harm. *See* Restatement (Second) of Torts § 320 (1965)." Thus, the standard set forth in *Woodhous* would seem to be one of negligence.

Research by this Court has not revealed any circuit adopting a negligence standard for personal injury claims arising in prisoner petitions brought under 42 U.S.C. § 1983. The reason for this may very well be language in *Estelle v. Gamble,* 429 U.S. at 106, 97 S.Ct. at 292, wherein the court declared that, at least insofar as the Eighth Amendment is concerned a showing of deliberate indifference, not negligence, would be required to state a cognizable claim. See also, *Little v. Walker,* 552 F.2d 193, 197 n. 8 (7th Cir. 1977), *cert. den.,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978); *Beard v. Mitchell,* 604 F.2d 485, 494 (7th Cir. 1981) (intentional conduct or recklessness standard not limited to Eight Amendment issues); *Starstead v. City of Superior,* 533 F.Supp. 1365, 1370 n. 4 (W.D.Sis.1982), and cases cited therein. Thus, despite the language of *Parratt* 451 U.S. at 534, 101 S.Ct. at 1912 that nothing in the language of § 1983 prohibits recovery on a theory of negligence, personal injury claims brought under § 1983 alleging violation of a prisoner's Eighth Amendment rights must still meet the criteria for a showing of deliberate indifference, namely, actual intent or recklessness.

refuses to name the prisoner threatening him because the correction officers cannot know for certain that the unnamed assailant will not also seek to be placed in segregation, so as to be near his intended victim.

Plaintiff's testimony at trial revealed that he at no time indicated in what manner, nor by whom, his life was being threatened. By his own admission, plaintiff stated that he had made only vague declarations to others concerning any threats to his person; that he had made no effort to personally contact Superintendent Duckworth prior to the attacks; and that his only attempt at direct communication with the defendant was in the form of a letter sent by the plaintiff to defendant Duckworth less than 24 hours before the alleged stabbing of July 16, 1981, and not received by the defendant until after the incident. Plaintiff failed to identify those threatening him in the letter.

Plaintiff admitted that he had refused to identify those inmates who had threatened and later assaulted him, and only gave their names to the defendant for the first time at trial. At no time prior to the incident complained of did plaintiff provide Superintendent Duckworth with any information which would have enabled the prison authorities to effectively separate the plaintiff from those threatening to harm him. Nonetheless, plaintiff contends that his requests for transfer to the reformatory should have been granted because the defendant knew, or should have known, that the plaintiff could not be adequately protected in the segregation unit at the prison.

In order for Superintendent Duckworth to have acted on the plaintiff's requests for transfer, it would first be necessary for the Superintendent to know of those requests, and the reasons therefor. There was no evidence presented which would indicate that the defendant knew or had reason to know of plaintiff's requests for transfer to another facility. Second, *Parratt* requires that liability under § 1983 must be predicated on a deprivation of a constitutionally protected right. *Id.,* 451 U.S. at 535, 101 S.Ct. at 1912. This Court's research has uncovered no case which has held that a prisoner has a constitutionally protected right, interest, or expectation to be transferred from one facility to another within a correctional system merely by requesting one. Although the brace of landmark cases addressing this question, *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), dealt prisoners' requests *not* to be transferred to another facility within the prison system, the rationale of those cases holds equally true here: Absent a statute or regulation giving rise to some right or justifiable expectation on the part of a prisoner that he remain in or be transferred to another facility, no deprivation of a constitutionally protected or recognized interest has occurred. *Meachum,* 427 U.S. at 224–25, 96 S.Ct. at 2538. To hold otherwise "would involve the judiciary in issues and discretionary decisions that are not the business of federal judges." *Id.,* at 228–29, 96 S.Ct. at 2540; see also, *Schaal v. Rowe,* 460 F.Supp. 155 (S.D.Ill.1978) (allegations that prison officials intentionally disregarded inmate's request for transfer for protection from other inmates did not rise to the level of a deprivation of a constitutional right under 42 U.S.C. § 1983).

The uncontroverted testimony of defendant Duckworth was that the plaintiff had been transferred from the Pendleton Reformatory to the prison both because the plaintiff had requested it and because he had posed a management problem at the reformatory. Duckworth further testified that the authorities at Pendleton had requested that the plaintiff not be returned to Pendleton unless and until the Indiana State Prison's administration felt that the plaintiff had responded favorably to the environment at the prison. Duckworth stated that throughout the time plaintiff was incarcerated at the prison he had exemplified a belligerent attitude and had been involved in scuffles with other inmates. Plaintiff denied that he had posed a management problem at either institution.

In assessing the credibility of the plaintiff's testimony, this Court duly notes the contents of a letter written by plaintiff to Gordon Faulkner, Commissioner of the Department of Correction, dated August 16, 1981. In that letter, plaintiff stated that the reason a certain fellow inmate had assaulted the plaintiff was because he, the plaintiff, owed money to his assailant and had failed to repay the debt. When testifying, however, the plaintiff stated that the contents of the letter were all fabrications, intended as a means of securing his return to the Pendleton Reformatory.

After carefully weighing the testimonial and documentary evidence presented at trial, and in light of the foregoing case law concerning prisoner petitions in § 1983 actions, this Court finds for the defendant, Jack R. Duckworth, and against the plaintiff, Otis Burr. Judgment to be entered accordingly.

SO ORDERED.