**Carol WELLMAN, Plaintiff,**

v.

**TRUSTEES OF PURDUE UNIVERSITY, Defendant.**

No. L 84–12.

United States District Court, N.D. Indiana, Hammond Division.

March 15, 1984.

Theodore J. Smith, Philip Burchett, Lafayette, Ind., for plaintiff.

John F. Bodle, William E. Emerick, John C. Duffey, Lafayette, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by a former employee of Purdue University. In her complaint, plaintiff alleges that the defendant unlawfully breached her contract of employment and deprived her of her Fourteenth Amendment rights to procedural due process and equal protection of the laws by discharging her from her position as a University housekeeper. Jurisdiction over the claims presented is predicated on a federal civil rights question under 28 U.S.C. §§ 1331 and 1343. This matter is presently before the court on the defendant's motion to dismiss. Both sides having carefully briefed their respective positions, the motion is now ripe for ruling.

The sole issue raised by the defendant, and addressed by the plaintiff, is whether the Eleventh Amendment acts to bar this court from sitting in jurisdiction over this action. Defendant argues that Purdue University and its Trustees[1] are "instrumentalities" of the State of Indiana, and because Indiana has not waived its sovereign immunity, the defendant is immune from suit in federal court. Plaintiff counters by arguing that Indiana law defines

---

1. For purposes of Eleventh Amendment immunity, no distinction can, should, or will be drawn between Purdue University and its Board of Trustees.

the defendant as a legal entity separate and distinct from the State of Indiana, and therefore any immunity afforded the State of Indiana ought not be extended to the defendant.

The Eleventh Amendment to the Constitution of the United States declares:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

■ Although the express language of this amendment does not grant immunity to states from suit in federal court when their own citizens are the plaintiffs, the Supreme Court has consistently held such actions to be precluded as well. *Lincoln County v. Luning*, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890); *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Port of Seattle v. Oregon & W. Rwy. Co.*, 255 U.S. 56, 41 S.Ct. 237, 65 L.Ed. 500 (1921); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Thus, absent waiver, states and their instrumentalities may not be sued in a federal court directly in their own names, either for damages or for declaratory and injunctive relief. *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Edelman v. Jordan*, supra; *Ford Motor Co. v. Dept. of Treasury of Indiana*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Cannon v. University of Health Sciences/The Chicago Medical School*, 710 F.2d 351 (7th Cir.1983); *Burr v. Duckworth*, 547 F.Supp. 192, 193 (N.D.Ind.1982). Indiana has not waived its immunity. Ind.Code § 34–4–16.–5–5(d).

■ For purposes of ascertaining the relationship between the named defendant and the state itself, state law should receive primary consideration. *Mount Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Nevertheless, the ultimate determination of whether the state is the real party in interest raises a question of federal law. *Miller-Davis Co. v. Illinois State Toll Highway Authority*, 567 F.2d 323 (7th Cir.1977).

[I]n deciding whether [an entity] … is the alter ego of the State … for Eleventh Amendment purposes, we confront a matter of federal, not state, law …. A state would have too much self-interest in extending sovereign immunity to as many of its agencies and corporate creations as possible to allow local laws to be determinant. But this is not to say that we must ignore a State Supreme Court's interpretation of its own laws …. especially when a state supreme court does not extend immunity but, rather, holds that an entity is not to be deemed to be the state for the purposes of sovereign immunity, we think the federal courts must pay careful attention to the state opinion.

*Id.*, at 330.

■ In the definitional section of the Indiana Tort Claims Act, Ind.Code § 34–4–16.5–1 *et seq.*, "governmental entities" are defined as being either the state or a political subdivision thereof. Ind.Code § 34–4–16.5–2(2). "State" is defined as Indiana and its state agencies. Ind.Code § 34–4–16.5–2(6). "State agencies" are defined as boards, commissions, bureaus, etc., but specifically excluded are "political subdivisions." Ind.Code § 34–4–16.5–2(7). "Political subdivision" is defined as including, *inter alia*, a "state college or university." Ind.Code § 34–4–16.5–2(5)(vii). Thus, for purposes of the Indiana Tort Claims Act, it is clear that Indiana law draws a distinction between state colleges and universities on the one hand, and the State of Indiana on the other. Since Purdue University is undeniably a state university, the land grant college of Indiana, Ind.Code § 20–12–35–1 and 7 U.S.C. §§ 301–308, it would seem to follow that the defendant is not entitled to Eleventh Amendment immunity.

Or does it? The corpus of Indiana law is considerably more extensive than a definitional section to a single statute. Further, the old adage "text out of context is mere

pretext" cautions against deciding a question as important as the scope of Eleventh Amendment immunity solely on the basis of a single statute.

At the outset it should be reemphasized that the Indiana General Assembly, in enacting the Indiana Tort Claims Act, expressly declared that it had no intention of waiving *any* Eleventh Amendment immunity:

> Nothing contained in this chapter shall be construed as a waiver of the eleventh amendment to the Constitution of the United States, as consent by the state of Indiana or its employees to be sued in any federal court, or as consent to be sued in any state court beyond the boundaries of the state of Indiana.

Ind.Code § 34–4–16.5–5(d).

Various Indiana statutes governing the scope of authority enjoyed by Purdue University's Trustees delegate extensive powers to that board over local, administrative matters. Thus, the board has the authority, *inter alia*, to govern university property; regulate the conduct of people while on university grounds; establish admission, retention, and graduation standards; set fees; prescribe curricula; administer financial aid; contract for new building construction; appoint university police; and accept gifts and bequests. Ind.Code §§ 20–12–1–2, –3–1, –3.5–1, –4–1.

Notwithstanding the above, the State of Indiana has considerably more extensive authority over matters of far greater scope than that afforded the Trustees of Purdue University.

All ten of the Trustees are appointed by the Governor, Ind.Code § 20–12–37–2, seven of whom are specifically selected by him, Ind.Code § 20–12–37–4, while the remaining three are selected by the Alumni Association. Ind.Code § 20–12–37–3. The Governor is empowered to force the resignation of a Trustee who is absent without excuse from two consecutive meetings.

Ind.Code § 20–12–37–5. Purdue University is funded largely, though certainly not entirely, by appropriations from the Indiana General Assembly. Ind.Code § 20–12–1–1. The Trustees' power to issue bonds is subject to the approval of the Governor and other state officials, Ind.Code §§ 20–12–6–16, –7–7, –8–7, as well as of the General Assembly. Ind.Code §§ 20–12–6–17, –7–8, –8–8. All state universities in Indiana are defined as state agencies, Ind.Code § 4–12–1–2, and are required therefore to make financial reports to the appropriate state budget agency. Ind.Code § 4–12–1–7. Further, and perhaps of greatest import, is the fact that the State of Indiana has legislatively retained all power necessary to override, amend or repeal prescribed duties and powers of the Trustees. Ind.Code § 20–12–36–6. Finally, the Supreme Court of Indiana has expressly held Purdue University to be "an educational institution belonging to the State of Indiana," i.e., an arm or instrumentality of the state. *Russell v. Trustees of Purdue University*, 201 Ind. 367, 385, 168 N.E. 529, 535 (1929). *Accord*, see *Sendak v. Trustees of Indiana University*, 254 Ind. 390, 397, 260 N.E.2d 601, 604 (1970).

In a well reasoned unpublished memorandum decision, Chief Judge Dillin of the Southern District of Indiana recently held that Ball State University and its Board of Trustees were instrumentalities of the State of Indiana, and therefore entitled to Eleventh Amendment immunity. *Korf v. Ball State University*, IP 82–901–C (S.D. Ind., March 11, 1983), *aff'd on other grounds*, 726 F.2d 1222 (7th Cir.1984). Although the Court of Appeals did not, in its published affirmance, address the Eleventh Amendment question in *Korf*, this court finds Chief Judge Dillin's reasoning to be highly persuasive on that point.[2]

Therefore, after carefully considering all of the above, it is the conclusion of this court that Purdue University and its Board

---

**2.** See also *Cannon v. Univ. of Health Sciences/Chicago Medical School*, 710 F.2d 351, 356–57 (7th Cir.1983) (upheld Eleventh Amendment immunity of University of Illinois and Southern Illinois University and their respective Boards of Trustees by looking to Illinois' statutory and case law scheme).

of Trustees are instrumentalities of the State of Indiana, and therefore entitled to Eleventh Amendment immunity.[3] Accordingly, defendants' motion to dismiss is hereby GRANTED. CASE DISMISSED, each side to bear own costs. SO ORDERED.

---

**3.** Plaintiff attempts to make much of the fact that not all of Purdue University's funding comes from the State of Indiana, and that any judgment entered against the defendant could come from non-state sources, including insurance carried by the defendant. This court finds such a line of argument to be unpersuasive.

Indiana General Assembly appropriations for the 1982–1983 academic year for Purdue were in excess of $90,000,000.00, exclusive of appropriations for Purdue's regional campuses and research projects. Acts 1982 (Spec.Sess.), P.L. 1, § 8, p. 9 (Burns 1983 ALS pamphlet). Purdue University must account to the State of Indiana for *all* monies received, not just those state appropriations. Acts 1982 (Spec.Sess.), P.L. 1, § 8, pp. 12–13. Thus, regardless of the defendant's funds' ultimate source, the State of Indiana retains ultimate control over such monies.

Plaintiff's argument proves too much. It may safely be presumed that most, if not all, instrumentalities of a state have access to some non-state funds, and may carry some form of insurance as well. To hold as plaintiff urges would effectively emasculate the Eleventh Amendment in all but the rarest of occasions.