John Douglas SCHOTT, Plaintiff,

v.

Carl HEPLER, Wells County Board of Commissioners and Nyal Frantz, Defendants.

No. F 83–8.

United States District Court, N.D. Indiana, Fort Wayne Division.

March 20, 1984.

Christopher C. Myers, Fort Wayne, Ind., for plaintiff.

Thomas C. Ewing, William McNagny, Fort Wayne, Ind., Linley E. Pearson, Atty. Gen. of Ind., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This action was filed pursuant to 42 U.S.C. § 1983 by a former pretrial detainee against various officials connected with the Wells County (Indiana) Jail. Jurisdiction is predicated on a federal question under 28 U.S.C. §§ 1331 and 1343. This matter is presently before the court on defendant Wells County Board of Commissioners' motion for summary judgment. Both sides having briefed their respective positions, and oral argument having been heard thereon, this motion is now ripe for ruling.

Federal Rule of Civil Procedure 41(a)(1) provides:

"Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when

filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

On October 15, 1982, plaintiff filed suit against Wells County in the Wells Circuit Court, docketed as No. 28356. Wells County appeared by counsel, answered on November 3, 1982, and filed a Motion for Summary Judgment on January 24, 1983, which motion was set for hearing on April 5, 1983. On February 25, 1983, plaintiff and Wells County, by counsel, filed a Stipulation for Dismissal in that action, dismissing the action with prejudice.

The allegations in Wells Circuit Court Cause No. 28356 averred *inter alia,* that Wells County, by its agents and employees, had arrested plaintiff on December 8, 1981 for no lawful reason and following said arrest, had detained him for fourteen days before bringing him before a magistrate to plead to the charges against him, thereby violating the duty to provide him with due process of law.

On January 10, 1983, plaintiff brought suit in this court against the State of Indiana, Carl Hepler, Wells County Board of Commissioners, Nyal Frantz and Michael Boonstra, as indicated by the complaint filed herein. Then, on March 21, 1983, plaintiff filed a Notice of Dismissal pursuant to F.R.Civ.P. 41(a)(1)(i) as to the Wells County Board of Commissioners.

At all times relevant hereto, the Wells County Board of Commissioners constituted the county executive and was responsible for transacting the business of the county as mandated by Ind.Code § 36–2–2–2. Counties are known only through their boards of commissioners, *Board of County Commissioners of Newton County v. Wild,* 37 Ind.App. 32, 76 N.E. 256 (1905). Therefore, the suit brought by plaintiff in the Wells Circuit Court Cause No. 28356 against Wells County was, in fact, a suit against the Wells County Board of Commissioners.

■ As the facts clearly show, plaintiff brought a suit in state court against the Board which suit was dismissed with prejudice by stipulation of the parties. Plaintiff also filed an action against the Board in this court based on the same allegations and then dismissed the Board on a Notice of Dismissal. Nine months after that dismissal by notice under F.R.Civ.P. 41(a)(1), plaintiff filed an Amended Complaint, once again suing the Board on the same allegations.

F.R.Civ.P. 41(a) specifically provides that a dismissal by notice "operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States *or of any state* an action based on or including the same claim." F.R.Civ.P. 41(a)(1) (emphasis added). Thus, the dismissal of the first suit in state court counts. *Rader v. Baltimore & Ohio Railway Company,* 108 F.2d 980 (7th Cir.), *cert. denied,* 309 U.S. 682, 60 S.Ct. 722, 84 L.Ed. 1026 (1940). In this case, the first dismissal was with prejudice. Plaintiff's Notice of Dismissal of the Board in this case, filed with the Clerk before the Board had filed an answer, itself closed the file as to the Board. Nothing more was needed. *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963).

The policy behind F.R.Civ.P. 41(a)(1) is to protect a defendant by providing that if the plaintiff has taken advantage of his right to early dismissal on one occasion, he may not repeat the process with impunity. *Englehardt v. Bell & Howell Company,* 299 F.2d 480, 482 (8th Cir.1962). To allow plaintiff in this case to proceed against the Board upon his amended complaint would be to violate the two dismissal bar that F.R.Civ.P. 41(a)(1) was promulgated to avoid. *American Cyanamid Co. v. McGhee,* supra; 5 Moore's Federal Practice § 41.04, p. 1014.

In plaintiff's memorandum in opposition to defendant Wells County Board of Commissioners' motion for summary judgment, plaintiff argues that F.R.Civ.P. 41(a)(1) does not bar his claim here. His first contention is that the complaint he filed in the Wells Circuit Court did not include an allegation of a deprivation of federal rights

under 42 U.S.C. § 1983. An examination of the complaint there filed, which is in the record in this case, shows that all the factual allegations are substantially the same.

■ The Supreme Court recently held in *Migra v. Warren City School District Board of Education,* —— U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), that 28 U.S.C. § 1738's requirement that state judicial proceedings receive full faith and credit in *every* court within the United States extends to "issue preclusion" in § 1983 suits stemming from state court judgments. *Id.* at ——, 104 S.Ct. at 898, citing *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Thus, a plaintiff cannot seek to relitigate in federal court via 42 U.S.C. § 1983 issues actually raised on that could have been raised in the underlying state court proceedings. *Id.*

Even if there were some legal support for his claim against the commissioners, the two dismissal bar of F.R.Civ.P. 41(a)(1) bars the amended complaint against the commissioners. Plaintiff's entire argument on this rule ignores the fact that the stipulation in the Wells Circuit Court action was with prejudice. Plaintiff argues that the first dismissal was by stipulation rather than by notice and therefore the rule does not apply. He cites in support of that contention *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012 (2d Cir.1976). The court in *Poloron* stated that it agreed "with the district court and the authorities cited by it that the rule by its literal terms makes no distinction between a prior dismissal by notice and one by stipulation, but we disagree, however, with the conclusion that no distinction should be made here." *Id.* at 1017. The Second Circuit specifically acknowledge that the stipulation in the first case under consideration in *Poloron* was without prejudice, from which the court inferred that the parties had not affirmatively indicated that they would not pursue their claims against the defendant. The facts in this case are different because the first dismissal, which admittedly was upon stipulation, was with prejudice.

The values imbedded in *Allen v. McCurry, supra,* are relevant here and require this court to give full faith and credit to the judgment of dismissal with prejudice entered by the Wells Circuit Court. Most recently our Court of Appeals has dealt with this subject in *Hagee v. City of Evanston,* 729 F.2d 510 (7th Cir.1984). At page 512 Judge Flaum, speaking for the court, stated:

> The district court found that the appellants' present suit was barred by res judicata because the appellants could have raised their current claims in their earlier state court suit but failed to do so. It is a well-established rule that res judicata bars parties or their privies from litigating not only matters that in fact were raised and decided in an earlier suit involving the same cause of action and the same parties, but also all other matters that could have been raised in the earlier suit.
>
> *      *      *      *      *      *
>
> It is on the basis of these rules that we find the appellant's present suit barred. A close examination of the appellants' two suits reveals that their current suit is in effect a reincarnation of their first suit, brought under a different legal theory and requesting a different kind of relief. The appellants' first suit was brought to enjoin the city of Evanston from preventing the completion of the appellants' construction project. It was based on a theory of estoppel. The appellants' current suit is for damages allegedly flowing from the very same conduct complained of in the appellants' first suit, Evanston's obstruction of the appellants' construction project. This suit is based on several constitutional theories. The primary differences between the two suits are in their requests for relief and in the legal theories upon which they are based. Interpreting Illinois Supreme Court decisions, we find these differences not sufficient to distinguish the suits for purposes of applying the res judicata doctrine, where both suits arise from the same set of facts.

The appellants' constitutional claims and their request for damages were matters within the purview of their first suit. (footnote omitted).

*Hagee* is specific authority to sustain the dismissal here.

Based on the above, it is now the ORDER of this court that defendant Wells County Board of Commissioners' motion for summary judgment be, and hereby is, granted in its favor and against the plaintiff.[1] SO ORDERED.

*Trotter v. Klincar,* 566 F.Supp. 1059, 1064 (N.D. Ill.1983). *Accord, generally, Wellman v. Trustees of Purdue University,* 581 F.Supp. 1228 (N.D.Ind.1984); *Elliott v. Hinds,* 573 F.Supp. 571 (N.D.Ind.1983); *Burr v. Duckworth,* 547 F.Supp. 192 (N.D.Ind.1982).

---

1. This court also notes, without deciding, that the Sheriff may enjoy immunity from damages under § 1983 for actions taken in his *official* capacity by virtue of the Eleventh Amendment. *Buxton v. Lovell,* 559 F.Supp. 979, 985 (S.D.Ind. 1983); *Stanley v. Indiana Civil Rights Com'n.,* 557 F.Supp. 330, 334 (N.D.Ind.1983). *See also*