Robert E. **ARMSTRONG,**
**Appellant–Plaintiff,**

v.

Kenneth W. **KEENE, Appellee–**
**Defendant.**

No. 18A02–0609–CV–747.

Court of Appeals of Indiana.

Feb. 20, 2007.

John B. Milford, Marion, IN, Attorney for Appellant.

James T. Beaman, Marion, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Robert E. Armstrong appeals the trial court's grant of summary judgment in favor of Kenneth W. Keene. Specifically, Armstrong argues that the court erred by concluding that he was not entitled to foreclosure for his default on a contract to buy real estate pursuant to the seminal case of *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641 (1973). Concluding that *Skendzel* does not apply to this case because Armstrong relinquished his interest in the real estate by executing a Bill of Sale upon default, we affirm the trial court's grant of summary judgment in favor of Keene.

### Facts and Procedural History

The material facts in this case are undisputed. On December 31, 1990, Keene ("Seller") and Armstrong ("Buyer") entered into a Conditional Contract for Sale of Real Estate ("Real Estate Contract") for the sale of a restaurant and tavern known as Squirt's Bar, which was located at 1015 South Washington Street in Marion, Indiana. The purchase price was $100,000 with a down payment of $20,000 and monthly payments of $811.42, which included interest at 9%, for a period of fifteen years. The Real Estate Contract provided that Buyer was responsible for

paying real estate taxes and insurance and contained the following forfeiture clause:

> Should the BUYER neglect or refuse to make any payment as provided for herein for a period of thirty (30) days after due or continue to violate any of the covenants or conditions herein contained after ten (10) days written notice to perform from SELLER, then this agreement shall become null and void, at the option of the SELLER, on written demand, *whereupon the BUYER shall surrender and deliver to the SELLER the full and complete possession of said real estate in condition as aforesaid. Upon the termination of this agreement, SELLER shall keep and retain all payments heretofore made by the BUYER, as rental and liquidated damages for breach of this agreement.* Written notices or demands may be mailed by regular mail addressed to the BUYER at his last address known to SELLER.

Appellant's App. p. 22 (emphasis added). Also on December 31, 1990, Seller and Buyer entered into a Contract for the sale of the inventory, equipment, stock and trade, and retail liquor license of Squirt's Bar.

In approximately December 1997, seven years into the contract, Buyer defaulted on the contract by failing to make the monthly payments and pay the real estate taxes. Seller sent Buyer a letter informing him of the default. At the time of default, Buyer had paid approximately $43,000 in principal. Buyer remained in possession of Squirt's Bar and continued to operate it until approximately March 1998. On March 11, 1998, Buyer executed a Bill of Sale whereby he "grant[ed], s[o]l[d], transfer[red], and deliver[ed] to [Seller] . . . for good and valuable consideration" his interest in Squirt's Bar, including furniture, fixtures, and inventory. Appellee's App. p. 10. Buyer also executed a Consent to Transfer in order to transfer the retail liquor license back to Seller.

On December 5, 1999, a fire destroyed Squirt's Bar. According to Buyer, Seller received $179,000 from the insurance proceeds and the sale of the real estate and retail liquor license.

On June 20, 2001, Buyer filed a Complaint for Breach of Contracts against Seller. Specifically, Buyer alleged that Seller had orally agreed to pay him $25,000 for Squirt's Bar and $1140 for the inventory in the bar in exchange for Buyer transferring his interest back to Seller, but Seller had not paid him the money. In the alternative, Buyer alleged that he was entitled to foreclosure of the real estate. On November 29, 2004, Seller filed a motion for summary judgment. Thereafter, on September 12, 2005, Buyer filed a motion for summary judgment alleging, in part, that he was entitled to foreclosure of the real estate pursuant to *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641 (1973). The parties waived a hearing on the motions and submitted proposed findings of fact and conclusions of law. On July 10, 2006, the trial court issued its Findings of Fact, Conclusions of Law, and Judgment. Specifically, the court concluded that the alleged oral agreement between the parties was not enforceable and that *Skendzel* "does not apply in this case, as a matter of law. [Buyer] voluntarily abandoned and relinquished his equity in the property and the liquor license." Appellant's App. p. 15. Buyer now appeals.[1]

---

1. We pause to note several deficiencies in Buyer's appellate brief. First, Buyer's Statement of Facts is numbered. Indiana Appellate Rule 46(A)(6)(c) provides that the Statement of Facts "shall be in narrative form." Second, Buyer does not include the standard of review for the trial court's grant of Seller's motion for summary judgment. Indiana Ap-

## Discussion and Decision

Buyer contends that the trial court erred in granting summary judgment in favor of Seller. Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We therefore must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Clary v. Lite Machs. Corp.*, 850 N.E.2d 423, 430 (Ind.Ct.App.2006). A genuine issue of material fact exists where facts concerning an issue, which would dispose of the litigation, are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Id.* If the material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. *Id.* When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo. *Id.* In addition, when a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but they are not binding upon this Court. *Cox v. N. Ind.*

*Pub. Serv. Co.*, 848 N.E.2d 690, 695 (Ind. Ct.App.2006).

■ Buyer argues that the trial court erred in concluding that he was not entitled to foreclosure of the real estate pursuant to *Skendzel.*[2] More than thirty years ago, the Indiana Supreme Court addressed the equity of forfeiture[3] as a remedy in land contracts in *Skendzel.* Our Supreme Court initially observed that forfeitures are generally disfavored by law because a significant injustice results where the vendee (buyer) has a substantial interest in the property. *Skendzel*, 301 N.E.2d at 645–46. The court determined that a land sales contract is akin to a mortgage and, therefore, the remedy of foreclosure[4] is more consonant with notions of fairness and justice:

> [J]udicial foreclosure of a land sale contract is in consonance with the notions of equity developed in American jurisprudence. A forfeiture—like a strict foreclosure at common law—is often offensive to our concepts of justice and inimical to the principles of equity. This is not to suggest that a forfeiture is an inappropriate remedy for the breach of all land contracts. In the case of an abandoning, absconding vendee, forfeiture is a logical and equitable remedy.

pellate Rule 46(A)(8)(b) provides that the "argument must include for each issue a concise statement of the applicable standard of review." Finally, Indiana Appellate Rule 46(A)(10) provides that the brief must "include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal." Buyer did not include the trial court's summary judgment order in his brief.

2. Buyer does not appeal the trial court's grant of summary judgment in favor of Seller on Buyer's claim that Seller orally agreed to pay Buyer money in exchange for transferring the bar back to him.

3. Forfeiture is defined as "[t]he divestiture of property without compensation" and "[t]he loss of a right, privilege, or property because of a crime, breach of obligation, or neglect of duty." Black's Law Dictionary 677 (8th ed.2004). In such circumstances, "[t]itle is instantaneously transferred to another, such as the government, a corporation, or a private person." *Id.*

4. Foreclosure is defined as "[a] legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." Black's Law Dictionary 674 (8th ed.2004).

Forfeiture would also be appropriate where the vendee has paid a minimal amount on the contract at the time of default and seeks to retain possession while the vendor [seller] is paying taxes, insurance, and other upkeep in order to preserve the premises. Of course, in this latter situation, the vendee will have acquired very little, if any, equity in the property. However, a court of equity must always approach forfeitures with great caution, being forever aware of the possibility of inequitable dispossession of property and exorbitant monetary loss. We are persuaded that forfeiture may only be appropriate under circumstances in which it is found to be consonant with notions of fairness and justice under the law.

*Id.* at 650.

Here, the trial court concluded, and the Seller argues, that *Skendzel* does not apply because Buyer relinquished his interest in Squirt's Bar by executing the Bill of Sale and Consent to Transfer. They are correct. The issue in *Skendzel* was whether the forfeiture provision in the land contract applied or whether the vendee (buyer) was entitled to foreclosure. That is not the issue in this case. There was no forfeiture pursuant to the Real Estate Contract because upon defaulting, Buyer executed the Bill of Sale, whereby he "grant[ed], s[o]l[d], transfer[red], and deliver[ed]" his interest in the real estate to Seller. Appellee's App. p. 10. This fact is missing from *Skendzel* and readily distinguishes the two cases. As Justice Prentice noted in his concurring opinion in *Skendzel*, "It follows that if the vendee has indicated his willingness to forego his equity, if any, whether by mere abandonment of the premises, *by release or deed* or by a failure to make a timely assertion of his claim, he should be barred from thereafter claiming an equity." 301 N.E.2d at 651 (Prentice, J., concurring) (emphasis added). By exe-

cuting the Bill of Sale, Buyer indicated his willingness to forego his equity, if any, in Squirt's Bar. As a result, Buyer is barred from seeking foreclosure of the bar. The trial court correctly concluded that *Skendzel* does not apply to this case, and we therefore affirm the court's grant of summary judgment in favor of Seller.

Affirmed.

BAILEY, J., and BARNES, J., concur.