## BOARD OF COMMISSIONERS OF THE COUNTY OF NEWTON ET AL. *v.* WILD ET AL.

[No. 5,968.   Filed December 26, 1905.]

APPEAL AND ERROR.—*Dismissal.—Parties.—Boards of Commissioners.—Taxpayers Resisting Claim against Board.*—Where an action was filed against the board of commissioners and certain taxpayers petitioned the judge to appoint an attorney in addition to the regular attorney to defend for the board, but such taxpayers did not themselves become parties to such action, such board has the right to dismiss an appeal taken by such appointed attorney, although such taxpayers joined in the assignment of errors, there being no judgment against any one but such board.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by John F. Wild and another against the Board of Commissioners of the County of Newton. From a judgment for plaintiffs, defendant appeals, certain taxpayers joining with such board as appellants. *Appeal dismissed.*

*Herman C. Rogers* and *William Cummings,* for appellants.

*Miller & Miller,* for appellees.

ROBINSON, J.—Appellees sued appellant board of commissioners as sole defendant to recover the proceeds of certain bonds sold by such board to appellees and which were subsequently declared illegal. On November 2, 1905, a judgment was rendered against appellant board of commissioners alone. Afterwards, Herman C. Rogers filed a motion to correct the record to show the previous filing of a verified petition by certain taxpayers asking the appointment of

Rogers to represent them and their interest. This motion for an entry *nunc pro tunc* was heard by the judge of the Newton Circuit Court, "and it sufficiently appearing to the court that on the 30th day of October, 1905, the court did direct said Herman C. Rogers to appear and defend in said action, and that by inadvertence and oversight of the court said appointment of said Rogers to appear on behalf of the defendants herein and the taxpayers mentioned in said petition was not entered and recorded, and the court now sustains said motion and grants the same, to which ruling of the court the plaintiffs except. It is therefore considered and ordered by the court that the appointment of said Rogers to appear for and on behalf of the defendants herein and of said taxpayers mentioned in said petition be, and the same is hereby, noted, and the same is hereby ordered entered; and it is further ordered by the court that this entry be now made as of the 30th day of October, 1905, *nunc pro tunc.* Charles W. Hanley, judge of the Newton Circuit Court. Done in vacation at Rensselaer, Indiana, November 14, 1905."

Afterwards, November 24, 1905, "comes now H. C. Rogers, as per order *nunc pro tunc,* and refiles his petition of taxpayers of Newton county, which verified petition reads as follows." This petition is signed by Pierce Archibald, A. D. Peck and four others, is verified, and states, in substance: We, citizen taxpayers of Newton county, Indiana, show the court that, in the suit brought by J. F. Wild & Co. against Newton county, they believe and have good reasons to believe that said county commissioners and the special counsel employed by said board of commissioners will not make a good and sufficient defense in said suit, and that unless the taxpayers of Newton county are otherwise represented said suit will be lost to the county and to the taxpayers. Now, we, on our own behalf and on behalf of other taxpayers, most respectfully ask the court to appoint Rogers to represent the taxpayers in this action,

with power to make motions and file pleadings and otherwise conduct such suit as shall be acceptable to the court, in addition to the regular counsel employed by the board.

The only attempted bill of exceptions is as follows: "John F. Wild et al. v. Board of Commissioners of the County of Newton. Come now the defendants, taxpayers, by H. C. Rogers, their attorney, and file their bill of exceptions reading as follows:" [The bill reciting the filing of the petition by taxpayers as above set out, the order of the court thereon, and the entry *nunc pro tunc.*]

The transcript was filed in this court December 7, 1905. On December 13, 1905, William Cummings, the county attorney of Newton county, filed a motion to dismiss the appeal, and with the motion filed a certified transcript of an order of the board made concerning the appeal. This transcript is signed by the county auditor and under the seal of the board. The order of the board, after reciting the recovery of the judgment and the board's belief that the judgment is just and should not be appealed from and that the county should not be put to further expense in contesting the claim, states: "Whereas it appears from the record in which said judgment was rendered that said board of commissioners prayed and was granted an appeal therefrom to the Supreme Court of Indiana; and whereas such prayer for an appeal was unauthorized by this board; now, therefore, this board orders that no appeal be taken from said judgment either to the Supreme or the Appellate Courts of Indiana; and it is further ordered that if a transcript for such appeal be filed in either of said courts, William Cummings, the county attorney of said Newton county, be and is hereby directed to appear in said court in which such transcript may be filed on behalf of this board, and to dismiss such appeal."

The petition by the taxpayers did not ask that they be made parties to the suit, nor was any such request made at any time, nor does it appear that they were at any time

made parties. The petition simply asks that an attorney, Mr. Rogers, be appointed "to represent the taxpayers in this action;" that is, an action in which the board of commissioners still remained sole defendant. The first appearance of the names of the taxpayers as parties is in the assignment of errors in which "Pierce Archibald, A. D. Peck and others, taxpayers of Newton county," are joined with the board of commissioners as appellants.

Section 644 Burns 1901, §632 R. S. 1881, provides: "Appeals may be taken * * * by either party, from all final judgments," except in certain cases. This section can not be construed to authorize an appeal by a party who is not only not a party to the final judgment, but who never was at any time a party to the suit. It is true the taxpayers were interested in the suit, but the record does not disclose that they were made parties to the suit. Their interest as taxpayers is not shown to be different from that of taxpayers in every action brought against a municipal corporation. The county is known in law only by its board of commissioners, and acts, as a county, through its board. If it should be conceded that it might be proper or necessary in a given case for taxpayers to intercede and assume and control the defense of an action against the county, it could not be claimed that such was the case in this action. In this case, appellant was sole defendant in the trial court, was the sole judgment defendant, and has the right absolutely to control the appeal.

Appeal dismissed.