Douglas R. BROWN as Trustee of the Third Amended Trust of John D. Delaney, Appellant–Trustee,

v.

Geraldine M. DELANEY, Appellee–Claimant.

No. 49A05–0501–CV–48.

Court of Appeals of Indiana.

Dec. 13, 2005.

William R. Fatout, Stewart & Irwin, P.C., Indianapolis, for Appellant.

John A. Cremer, Suzanne E. Katt, Cremer, Burroughs & Cremer, Michael R. Fisher, Indianapolis, for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Trustee, Douglas R. Brown (the Trustee), appeals the trial court's Order granting Appellee–Claimant's, Geraldine M. Delaney (Geraldine), claim for reimbursement of tax liabilities against the Third Amended Trust of John D. Delaney (Trust).

We reverse.

*ISSUES*

The Trustee raises two issues on appeal, one of which we find dispositive and which we restate as follows: Whether the probate court erred in denying Trustee's Motion to Dismiss for Failure to State a Claim.

*FACTS AND PROCEDURAL HISTORY*

John D. Delaney (John) and Geraldine were married on June 18, 1990. During the 1998 tax year, they filed a joint federal income tax return. Because the tax liability was never paid, on February 15, 2001, the Internal Revenue Service issued a tax lien on the real estate jointly owned by John and Geraldine. On July 25, 2001, John died.

John's probate estate was opened that same day. However, the assets in the probate estate were minimal due to John's inter vivos transfer of substantially all of his estate to a revocable living trust. In October of 2001, nearly three months after John's death, Geraldine learned that a tax lien had been recorded on the marital residence which she had come to own by right of survivorship. On August 21, 2002, and September 11, 2002, Geraldine paid the tax debt in the total amount of $76,726.15.

A year later, on August 21, 2003, Geraldine filed her Petition to Docket Trust and Administrative Claim for Reimbursement for Payment of Debt of Decedent. On August 22, 2003, the probate court ordered the Trust to be docketed. On September 5, 2003, the Trustee filed his Motion to Dismiss for Failure to State a Claim. On January 7, 2004, after response by Geraldine, the probate court denied the Trustee's motion. Thereafter, on March 15, 2004, the probate court heard Geraldine's claim for reimbursement. On August 2, 2004, the probate court entered judgment in favor of Geraldine and against the Trust, ordering that the Trust makes contribution to Geraldine on the joint debt in the amount of one-half of the taxes, penalty and interest. The probate court stated, in pertinent part, as follows:

. . .

3. Since [John] was both settler and a beneficiary, trust provisions restraining transfer of his beneficial interest will not prevent his creditors from satisfying claims from his interest in the trust estate. I.C. [§ ] 30–4–3–2.

4. [John] passed away on 7/25/01.

5. In October, 2001, [Geraldine] first learned of the existence of a lien based on the tax liability.

6. [Geraldine] paid the tax and accrued penalties and interest, totaling

$76,726.15, in two installments on 8/21/02 and 9/11/02. Neither [John] nor his estate nor his trust made any payment.

7. [Geraldine] is entitled to contribution from the trust for one-half of the amount she paid on the tax liability, including penalties and interest paid.

8. The evidence is insufficient to prove that the trust is entitled to any setoff.

. . .

(Appellant's App. p. 5). On August 30, 2004, the Trustee filed his Motion to Correct Error, which was denied by the probate court on September 14, 2004.

The Trustee now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

The Trustee contends that the probate court erred in denying his motion to dismiss Geraldine's claim for reimbursement since her claim was barred as a matter of law. Specifically, the Trustee claims that (1) Geraldine failed to timely file her claim against John's estate and (2) Geraldine failed to commence proceedings against the Trust in accordance with Ind.Code §§ 32–17–13–7 and 32–17–13–8.

A 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *City of South Bend v. Century Indem. Co.*, 821 N.E.2d 5, 9 (Ind.Ct.App.2005). On review, we view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of that party. *Id.* We stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id.* We may sustain the trial court's ruling if we can affirm on any basis found in the record. *Id.* In making this determination, we look only to the complaint and may not resort to any other evidence in the record. *Id.*

In the instant case, Geraldine's Petition to Docket Trust and Administrative Claim for Reimbursement for Payment of Debt of Decedent states, in pertinent part, as follows:

1. [John] died a resident of Marion County on July 25, 2001.

2. A probate estate was opened for [John] [ ]. However, the probate estate is minimal due to the decedent's inter vivos transfer of substantially all of his estate to a revocable living trust. . . . .

3. [Geraldine] is the surviving spouse of [John] and resides in the marital residence located at 109 SW Lakeview Drive, Sebring, Florida.

4. As a result of [John]'s failure to pay income tax on his sole earnings for the year 1998, a federal tax lien was recorded on February 26, 2001. . . .

5. [Geraldine] was unaware of the tax lien until she was informed . . . in October 2001 that the tax lien had been filed. . . .

6. By two separate cashier's checks dated August 21, 2002 and September 11, 2002, [Geraldine] paid in full [John]'s tax debt in the total amount of $76,726.15. . . .

7. On June 25, 2003 [Geraldine's] counsel made demand on the decedent's estate and trust in the amount of $76,726.15.

8. On July 7, 2003 counsel for the personal representative rejected [Geraldine]'s demand on the basis that the claim was untimely, and otherwise refused payment based upon the Trustee's discretion. . . .

9. [Geraldine]'s administrative claim for reimbursement is not a claim against [John] subject to the time limitation set forth under I.C. § 29–1–14–1, and

[John]'s living trust, which is a grantor trust, is not insulated from creditor's claims and any discretionary or spend-thrift clauses to the contrary are unenforceable.

(Appellant's App. pp. 113–14).

Based on Geraldine's complaint, the Trustee first alleges that her complaint is barred because she failed to timely file a claim in John's estate for contribution to a debt, owned jointly and severally, in accordance with I.C. § 29–1–14–1. On the other hand, Geraldine contends that her administrative claim for reimbursement of the 1998 federal income taxes is not a claim subject to the statutory time limitations for filing against an estate.

Pursuant to I.C. § 29–1–14–1(d), all claims against a decedent's estate shall be barred if not filed within nine months after the death of the decedent. A claim for purposes of this statute is statutorily defined as "liabilities of a decedent which survive, whether arising in contract or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration, and all taxes imposed by reason of a person's death...." I.C. § 29–1–1–3(2). However, we have previously established that 'claim' as used in I.C. § 29–1–14–1 has a more restrictive meaning. *In re Estate of Whitehead*, 718 N.E.2d 1207, 1211 (Ind.Ct.App.1999). In particular, we held that the term 'claim' as used to limit or bar a claim under I.C. § 29–1–14–1 refers to "a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment." *Id.*

Here, we agree with the Trustee that because the possibility that Geraldine would pay the entire obligation and acquire a right of contribution existed at the time of John's death, her claim for contribution is a classic contingent claim which is subject to the time requirements of I.C. § 29–1–14–7. Specifically, John and Geraldine filed a joint tax return in the 1998 tax year. As a co-signor of the joint tax return, Geraldine's liability for the joint debt accrued upon filing of the tax return. Accordingly, she could have paid the debt at any time between filing the 1998 return and John's death on July 25, 2001, thereby acquiring an absolute claim against John. Nevertheless, the evidence clearly shows that the taxes remained unpaid until August 21, 2002, more than a year after John's death.

Therefore, at the opening of the estate, Geraldine had a contingent claim against the estate, dependent on her payment of the joint tax liability. *See Allstate Ins. Co. v. Morrison*, 146 Ind.App. 497, 256 N.E.2d 918 (1970) (where we held that "a contingent claim is one where liability hinges upon some future event, which may or may not occur; it is dependent upon some condition as yet unperformed"). Thus, we conclude that pursuant to I.C. § 29–1–14–1(d), Geraldine should have filed her claim within nine months after John's death.

■ Next, the Trustee claims that Geraldine, as a creditor, failed to commence proceedings on her claim for reimbursement from the Trust in accordance with I.C. §§ 32–17–13–7 and 32–17–13–8. Indiana Code chapter 32–17–13 stipulates the liability of nonprobate transferees for creditor claims. In this regard, section 7 states that the liability of a transferee of a nonprobate transfer for a decedent's probate estate is conditioned on a written demand by the creditor to the personal representative of the estate. Any proceedings under this chapter must be commenced no later than nine months after the decedent's death. I.C. § 32–17–13–8. We find these proceedings not to be applicable to Geraldine's claim. Indiana Code chapter 32–17–13 was enacted by the 2002

regular session of the General Assembly and became effective on July 1, 2002. While the statute attempts to streamline creditors' rights with respect to a decedent's probate and nonprobate estate, it evinces a clear legislative intent to curb the liability of estates to creditors by limiting the time period during which a claim can be asserted. Prior to the enactment of this statute, claims brought by creditors of a decedent against the decedent's trust property were not subject to any time constraints under the trust code.

As a general rule, statutes will normally be given prospective application unless there are strong and compelling reasons to do otherwise. *Gosnell v. Ind. Soft Water Serv., Inc.,* 503 N.E.2d 879, 880 (Ind.1987). While statutes addressing merely procedural and remedial matters may be applied retroactively, such application is not required. *Id.* Commencing July 1, 2002, I.C. § 32–17–13–8 promulgates that claims against a nonprobate transfer must be commenced no later than nine months after the decedent's death. Applied to the instant case, this would mean that Geraldine had to send her written demand nine months after John's death on July 25, 2001, *i.e.,* by April 25, 2002. We are baffled as to how Geraldine could made this demand even before the statute became effective on July 1, 2002. Applying the statute to Geraldine's claim would ef-

fectively amount to a retroactive application of proceedings which did not exist prior to the statute's enactment. The Trustee has presented no reasons, compelling or otherwise, that demonstrate the need for retroactive application in this instance. *See id.*

Based on the evidence before us, we conclude that the probate court erred in dismissing the Trustee's Motion to Dismiss for Failure to State a Claim. *See City of South Bend,* 821 N.E.2d at 9. As we established above, Geraldine's claim is barred because she failed to file her contingent claim within nine months of John's death. See I.C. §§ 29–1–14–1, 29–1–14–7. Consequently, we reverse the trial court's decision.

## CONCLUSION

Based on the foregoing, we find that the probate court erred in denying Trustee's Motion to Dismiss for Failure to State a Claim.

Reversed.

SULLIVAN, J., and NAJAM, J., concur.