VECTREN ENERGY MARKETING & SERVICE, INC., and Citizens By–Products Coal Company, Appellants–Plaintiffs,

v.

EXECUTIVE RISK SPECIALTY INSURANCE COMPANY, Proliance Energy, LLC, Harry Bush, and Briane House, Appellees–Defendants.

No. 82A05–0702–CV–115.

Court of Appeals of Indiana.

Nov. 7, 2007.

Fred R. Biesecker, Brent W. Huber, Mark A. Bogdanowicz, Ice Miller LLP, Indianapolis, IN, Patrick A. Shoulders, Ziemer Stayman Weitzel & Shoulders, Evansville, IN, Attorneys for Appellants.

William L. O'Connor, Cynthia M. Reese, James B. Chapman II, Dann Pecar Newman & Kleiman, P.C., Indianapolis, IN, Attorneys for Appellee Executive Risk Specialty Insurance Company.

## OPINION

BAKER, Chief Judge.

Appellants-plaintiffs Vectren Energy Marketing & Services, Inc. (Vectren), and Citizens By–Products Coal Company (Citizens) (collectively, the appellants) appeal from the trial court's order granting appellee-defendant Executive Risk Specialty Insurance Company's (ERSIC) motion to dismiss the appellants' complaint pursuant to Indiana Trial Rule 12(B)(6). In particular, the appellants contend that they have standing to pursue the complaint, their claim is not barred by collateral estoppel, and they sufficiently pleaded a breach of contract claim against ERSIC to withstand a motion to dismiss. Finding that the

appellants do not have standing to raise these claims inasmuch as they are trying to redress an alleged wrong done to appellee-defendant ProLiance Energy, LLC (ProLiance), rather than to themselves, we affirm the judgment of the trial court.

## FACTS

ERSIC issued a Commodity Trader Professional Liability Manuscript Policy (the Policy) to ProLiance, which is an energy trading company. Vectren and Citizens are ProLiance's only members. The Policy covers ProLiance "and each Individual Insured." Appellants' App. p. 28. "Individual Insured" includes "any past, present or future ... member ... of [ProLiance]." *Id.* It is undisputed, therefore, that Vectren and Citizens are Individual Insureds who are covered by the Policy.

The Policy provides that ERSIC will pay "on behalf of the Insured Loss from Claims ... for Wrongful Acts" committed during the covered period of time. *Id.* at 27. The Policy excludes coverage under certain circumstances:

No coverage will be available under this Policy for Loss, including Defense Expenses, for any Claim:

(A) brought about or contributed to in fact by:

(1) any knowing, intentional, dishonest, fraudulent, or criminal Wrongful Act by an insured;

(2) any willful or intentional violation of statute, rule, law or regulation by an Insured; or

(3) the gaining of any profit, remuneration or advantage by an Insured to which the Insured was not legally entitled;

provided, that this EXCLUSION (A) shall only apply to an Insured if it is established that the Insured participated in or acquiesced in the knowing,

intentional, dishonest, fraudulent or criminal act or omission or the willful or intentional violation. . . .

* * *

(M) based on or directly or indirectly arising out of or resulting from an Insured's liability under any contract or agreement, regardless of whether such liability is direct or assumed.

*Id.* at 29–32.

On May 22, 2002, the City of Huntsville, Alabama, filed a complaint (the "underlying lawsuit") against ProLiance and two of its employees, appellees-defendants Harry Bush and Briane House. ERSIC advanced to ProLiance, Bush, and House $1,265,743.30 in defense expenses incurred while litigating the underlying lawsuit, while reserving its rights under the Policy. On February 10, 2005, the jury rendered its verdict in the underlying lawsuit, finding ProLiance and Bush liable for RICO violations, fraud, fraud in the inducement, and conspiracy to defraud; ProLiance and House liable for intentional interference with contractual relations; and ProLiance liable for breach of contract and breach of fiduciary duty arising out of a contract. A final judgment of approximately $32 million was subsequently entered against ProLiance, House, and Bush. Based on the findings of the jury and the final judgment, ERSIC denied coverage to ProLiance, House, and Bush for the underlying lawsuit.

Neither Vectren nor Citizens were named defendants in the underlying lawsuit, nor did they attempt to intervene therein to protect their rights under the Policy. No judgment was entered against Vectren or Citizens, and neither entity incurred any defense expenses in connection with the underlying lawsuit.

On April 8, 2005, ERSIC filed a complaint (the federal lawsuit) against ProLi-ance, House, and Bush in the United States District Court for the Southern District of Indiana. On October 7, 2005, Vectren and Citizens filed a motion to intervene in the federal lawsuit to protect their purported interests under the Policy as allegedly implicated by the underlying lawsuit. Following briefing, the federal trial court denied the motion to intervene, explaining the result as follows:

"The Court must deny the Proposed Intervenors' motion to intervene, because they have not demonstrated a legally protectable interest that is at risk.

"The Proposed Intervenors have not alleged they have claims against them under the Policy. They claim to have an interest in coverage under the Policy, yet they have not requested coverage or made a claim on the Policy. The claims asserted in the [underlying lawsuit] are against ProLiance, House, and Bush only. Thus, the Proposed Intervenors do not have any ripe interest of their own in coverage under the Policy.

"Nor do the Proposed Intervenors have any independent right to maintain a claim against ERSIC. They cannot intervene by permission, because they do not have an independent case or controversy with common issues of law or fact. The Proposed Intervenors cannot demonstrate they have suffered or will suffer any direct injury if the Court finds that ERSIC was not obligated to provide a defense to ProLiance in the [underlying lawsuit]."

Appellant's App. p. 100–01 (quoting federal trial judge's order).

On February 10, 2006, the appellants filed a complaint against ERSIC for breach of contract and declaratory relief to protect their purported rights under the Policy in the underlying lawsuit. ProLi-ance, House, and Bush were included as

nominal defendants and filed cross-claims against ERSIC. On April 27, 2006, ERSIC filed a motion to dismiss the appellants' complaint, arguing that Vectren and Citizens did not have standing to assert any claims against ERSIC, that the claims are barred by the doctrine of collateral estoppel, and that the complaint failed to state a claim upon which relief can be granted. On July 13, 2006, the trial court dismissed the appellants' claims, giving no reasons for the dismissal. The appellants now appeal.

### DISCUSSION AND DECISION

■ The appellants argue that the trial court erroneously dismissed their complaint pursuant to Trial Rule 12(B)(6). When reviewing a ruling on a Rule 12(B)(6) motion, we must take as true all allegations upon the face of the complaint. We may dismiss only if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint. We must view the pleadings in a light most favorable to the non-movant and draw every reasonable inference in that party's favor. *City of Fort Wayne v. Pierce Mfg., Inc.*, 853 N.E.2d 508, 511 (Ind.Ct.App.2006), *trans. denied.* In evaluating the trial court's ruling, we may look only to the complaint and may not resort to any other evidence in the record. *Brown v. Delaney*, 840 N.E.2d 6, 8 (Ind.Ct.App.2005).

■ In considering whether the appellants have standing to bring these claims against ERSIC, we note that the question of standing is generally one of law, not fact. *St. Mary's Med. Ctr., Inc. v. McCarthy*, 829 N.E.2d 1068, 1072 (Ind.Ct.App.2005). Standing is a judicial doctrine that focuses on whether the complaining party is the proper party to invoke the trial court's jurisdiction. *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind.1993).

The standing requirement "is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." *Schloss v. City of Indianapolis*, 553 N.E.2d 1204, 1206 (Ind.1990). To establish standing, the plaintiff must " 'demonstrate a personal stake in the outcome of the lawsuit and must show that he or she has sustained or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue.' " *Shourek*, 621 N.E.2d at 1109 (quoting *Higgins v. Hale*, 476 N.E.2d 95, 101 (Ind.1985)).

ERSIC acknowledges that Vectren and Citizens are covered by the Policy. As such, ERSIC owes contractual duties to the appellants that are separate and distinct from those duties owed to ProLiance. *See Sacks v. Am. Fletcher Nat'l Bank & Trust Co.*, 258 Ind. 189, 194–95, 279 N.E.2d 807, 811–12 (1972) (holding that persons holding an equity interest in a business organization state a personal cause of action where they plead the breach of a duty specially owed to them that is separate and distinct from the duty owed to the corporation and that the existence of a contract between an equity holder and a defendant is sufficient to demonstrate the existence of such a duty); *see also Tan Jay Int'l, Ltd. v. Canadian Indem. Co.*, 198 Cal.App.3d 695, 707, 243 Cal.Rptr. 907 (Cal.Ct.App.1988) (holding that where shareholders of a corporation are joint insureds, the insurer's duty of good faith and fair dealing ran to them such that they have standing to pursue a cause of action for its breach).

■ We have found no persuasive authority, however, establishing that the appellants have standing to pursue a breach of contract claim against ERSIC based on contractual duties owed to *ProLiance*. In other words, while the appellants have standing to sue ERSIC for an alleged

breach of the separate and distinct contractual duties owed to them as insureds, they do not have standing to sue ERSIC for its alleged breach of duties owed to ProLiance. The question becomes, then, whether the appellants have sufficiently stated a claim that ERSIC breached contractual duties owed to them. If they have not, then we cannot conclude that they have standing to assert the claim.

The gravamen of the appellants' breach of contract and declaratory judgment claims is that ERSIC wrongfully refused to pay the judgment creditor—the City of Huntsville, Alabama—on behalf of "its insureds." *Id.* at 21. Essentially, the appellants argue that ERSIC breached the clause in the Policy providing that ERSIC will pay "on behalf of the Insured Loss from Claims . . . for Wrongful Acts" committed during the covered period of time. *Id.* at 27.

The Policy defines "Loss" as "damages, judgments, settlements and Defense Expenses which an Insured is legally obligated to pay as a result of a Claim. . . ." *Id.* at 28. "Claim" means "a written demand received by an Insured seeking monetary or non-monetary damages; including any civil legal proceeding or arbitration against any Insured." *Id.* at 27.

Here, it is undisputed that neither Vectren nor Citizens have suffered a "Loss" as defined by the Policy. Nor has either entity received a "Claim;" consequently, they have incurred no damages, judgments, settlements, or defense expenses as the result of a "Claim." It may be that as the two members of ProLiance, the appellants will lose money as an indirect consequence of the judgment, defense expenses, and ERSIC's refusal to pay. That reality, however, does not mean that they have suffered a "Loss" under the Policy.

The appellants argue that because the Policy is a liability, rather than an indem-

nity, policy, we must rule in their favor. Specifically, they emphasize that pursuant to the Policy,

> ERSIC's obligation is to pay the judgment creditor directly, and not to reimburse the insured once the insured has paid the judgment creditor. The Policy literally does not state that ERSIC is to pay Vectren, Citizens, ProLiance, or any other insureds. Rather, it contemplates that ERSIC will pay *third parties,* such as a judgment creditor if there is a judgment. Vectren and Citizens are not asking ERSIC to pay them anything; rather, they are seeking to enforce ERSIC's obligation to pay the judgment creditor, the City of Huntsville.

Appellants' Br. p. 10 (emphasis in original). We find this to be a distinction without a difference. As the appellants acknowledge, if the Policy so requires, ERSIC is obligated to "pay on behalf of" the insured. *Id.* Here, neither Vectren nor Citizens have suffered a Loss or received a Claim that must be paid *on their behalf* to a creditor. ProLiance is the only entity facing such a debt.

It may be that the appellants are not seeking a windfall payment, but even so, they are not entitled to attempt to right a wrong allegedly done to a separate and distinct entity. As observed by ERSIC, the appellants' argument would mean that "every single past, present, or future member, officer, director, or employee of ProLiance would have a separate justiciable claim against ERSIC anytime ProLiance, or any other insured was denied coverage under the Policy." Appellee's Br. p. 11. Even more compelling, under the appellants' interpretation of the policy,

> for ERSIC to exclude coverage for Loss under the fraud exclusion, there must be a finding of fraud against each and every other insured under the Policy, even those not parties to the Underlying

Lawsuit. If there are no such findings, then any insured could conceivably request coverage under the Policy for another insured who was found to have committed fraud.... Vectren and Citizens cannot be permitted to indirectly seek coverage for the fraudulent and dishonest conduct of other insureds under the Policy.

*Id.* at 19. Such a result is untenable and surely not what the contracting parties intended.

Viewing all allegations on the face of the complaint and drawing all reasonable inferences in favor of the appellants, we cannot conclude that they have sufficiently pleaded a breach of ERSIC's unique contractual duties *to them*. And as noted above, the appellants do not have standing to seek redress for ERSIC's alleged breach of contractual duties to *ProLiance.* For the same reason, they do not have standing to seek a declaratory judgment based on that alleged breach. They do not have a personal stake in the outcome of this litigation because, as aptly put by ERSIC, "[a]ny loss which Vectren and Citizens will purportedly suffer would merely be derivative as a result of their relationship to ProLiance." *Id.* at 9. Consequently, we find that the trial court properly dismissed the complaint pursuant to Trial Rule 12(B)(6).

The judgment of the trial court is affirmed.

SHARPNACK, J., and RILEY, J., concur.