THE KNOX COUNTY COUNCIL, Appellant–Plaintiff,

v.

John F. SIEVERS, in his official capacity as the Knox County Prosecutor, and Stephen P. Luce, in his official capacity as the Knox County Sheriff, Appellee–Defendant.

No. 14A04–0803–CV–132.

Court of Appeals of Indiana.

Nov. 7, 2008.

Kurt A. Webber, Kurt A. Webber, P.C., Carmel, IN, Attorney for Appellant.

John W. Richards, Holly M. Harvey, Bunger & Robertson, Bloomington, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

The Knox County Council (the Council) filed a three-count complaint seeking under Count I an accounting with respect to Knox County Prosecutor John F. Sievers (the Prosecutor) and Knox County Sheriff Stephen P. Luce (the Sheriff), under Count II certain records from the Sheriff and from attorney Matthew Parmenter, who was hired by the Prosecutor to represent the Prosecutor's Office in civil forfeiture proceedings, and under Count III injunctive relief. Upon appeal, the Council seeks reversal of the grant of motions to dismiss filed by the Sheriff and the Prosecutor with respect to Count II,[1] presenting several issues for review. We address only the following issue, as we find it dispositive of the appeal: Did the trial court err in determining the Council did not have standing to pursue legal action against the Prosecutor and the Sheriff?

We reverse and remand with instructions.

Taking as true the facts as alleged in the complaint,[2] this case arises from a dispute between the Council on one hand and the Sheriff and Prosecutor on the other concerning the Sheriff's and the Prosecutor's respective roles in administering civil forfeiture proceedings, including most notably the handling of funds therefrom. The seeds of this lawsuit apparently were sown as the result of several audits of the Knox County Sheriff's Office performed by the Indiana State Board of Accounts (ISBA), the first one of which was for the 2003 calendar year. Among other things, the ISBA was critical of the Sheriff's Office for improprieties related to credit card transactions, inadequate documentation regarding several financial transactions, and unauthorized borrowing for the purpose of purchasing a sheriff's vehicle. An ISBA audit for the 2004 calendar year resulted in additional findings of misusing credit cards and inadequate documentation. Following this audit, the Sheriff's Office was ordered to pay $1116.75 in late fees it had incurred as a result of late payments. In 2006, the ISBA found that inadequate internal controls had enabled a Sheriff's Office employee to steal $2819.00, and found that the Sheriff continued to lack proper documentation and record retention. Also, the ISBA found that the Sheriff did not present pension records for audit that year. Finally, the ISBA found a deficiency balance of $51,987.00 in the Drug Seizure Fund. While the ISBA was completing its 2006 audit, the Council sought to obtain

---

1. The trial court also dismissed Counts I and III, but the Council does not appeal those rulings.

2. Technically, the trial court indicated that its dismissal order was based upon a lack of jurisdiction under T.R. 12(B)(1). As we observe elsewhere in this opinion, however, this determination is derived directly from its determination that the Council lacks standing to file an action under the Indiana Access to Public Records Act. Thus, the ruling was primarily based upon lack of standing, which

would result in a dismissal via T.R. 12(B)(6). This was, in fact, the sole basis of the Sheriff's motion to dismiss, and one of the two bases upon which the Prosecutor sought dismissal. Thus, we review this as essentially a dismissal under T.R. 12(B)(6). We are required by the standard of review relative to motions to dismiss under T.R. 12(B)(6) to consider this version of the facts (i.e., the facts as alleged in the complaint). *See Meyers v. Meyers*, 861 N.E.2d 704 (Ind.2007).

information concerning the financial aspects of Knox County's (the County's) civil forfeiture proceedings. To that end, the Council hired a public finance accountant, who condemned the accounting practices of the Prosecutor and the Sheriff.

On August 8, 2007, the Council submitted a written request to Matthew Parmenter, an attorney hired to represent the Prosecutor's Office in forfeiture cases, asking Parmenter to appear before a meeting of the Council and be prepared to produce and discuss the following:

1. Your contract of employment with the Prosecuting Attorney and any written or verbal fee agreement you have to handle these actions;

2. An accounting of all fees and expenses collected by you in these cases since your employment in these matters;

3. A listing by name and, if applicable, cause number of all forfeiture cases you have filed or summarily handled on behalf of Knox County, the outcome of each case, the property seized, the property sold, the amount of recovery made, the costs and expenses deducted, all remittances made and the method utilized by you in determining the amount paid to Knox County;

4. A listing of the trust or escrow accounts in which Knox County proceeds in these cases have been deposited, including all receipts and disbursements made therefrom;

5. Copies of correspondence and/or settlement reports on each case provided to the Knox County Prosecutor;

6. Copies of correspondence or other documents provided by you to the Knox County Sheriff, his agents of deputies regarding these matters;

7. Copies of correspondence and/or settlement reports on each case provided to the Knox County Auditor's Office;

8. Copies of correspondence and/or settlement reports provided to any member of the Knox County Commissioners or the Knox County Council;

9. Inventory lists or other records documenting the receipt and disposition of any asset seized under this statute from your date of employment in these cases to the present date; and

10. Any contracts, agreements or correspondence you are aware that exists [sic] with auctioneers or others involved in efforts to receive, store, maintain, and liquidate the assets seized in these matters.

*Appellant's Appendix* at 12–13. On that same day, the Council submitted a written request asking the Sheriff to appear before a meeting of the Council and be prepared to produce and discuss the following:

1. A list of all individuals who have had items seized by your department pursuant to Indiana Code 34–24–1, identifying the item seized, the date seized, the period of time such item was in the custody of your department, whether storage or other costs were accumulated by you as a result of such storage, and the final disposition of the item of property, including sale price at auction;

2. An accounting of all receipts of money distributed to your department by Matthew Parmenter or his office in each case, including the name and cause number of the case, the date of the payment, the manner of payments including institution name and check number, and all documents provided by Parmenter supporting the total amount recovered, attorney fees, and other deductions from the recovery amount;

3. Documents showing your handling of each payment received, including the amount you deposited, the date of the deposit, the institution and account number where deposited, all dates and amounts of disbursements made from these funds to whom they were disbursed;

4. An inventory of all accounts, including trust and escrow accounts, in which you have deposited any forfeiture funds;

5. An accounting in each case of all costs or expenses paid by your department [sic] from the recovered funds provided by Parmenter;

6. Copies of correspondence or other documents provided to you in each forfeiture matter by Matthew Parmenter or his office;

7. An accounting of all disbursements made by your department to the Knox County Auditor's Office from the recovered funds received in these cases;

8. Copies of correspondence and/or settlement reports you have provided to the Office of the Knox County Prosecutor, any member of the Knox County Commissioners or any member of the Knox County Council; and

9. Any contracts, agreements or correspondence that exists [sic] between you, your department or your attorney with auctioneers or others involved in efforts to receive, store, maintain, and liquidate the assets seized in these cases.

*Id.* at 14–15.

 The Sheriff, like Parmenter (and thus the Prosecutor), refused to provide the material requested above. As a result, on November 19, 2007, the Council filed a three-count complaint against the Prosecutor and the Sheriff. Counts I and III sought an accounting and injunctive relief, respectively, and Count II was a request for records under the Indiana Access to Public Records Act (APRA), codified at Ind.Code Ann. § 5–14–1.5–1 et seq. (West, PREMISE through 2007 1st Regular Sess.) and I.C. § 5–14–3–1 et seq. (West, PREMISE through 2007 1st Regular Sess.). On January 4, 2008, the Sheriff filed his motion to dismiss. On January 8, 2008, the Prosecutor filed his motion to dismiss, claiming the Council lacked standing to pursue a claim against the Sheriff and also that the trial court lacked subject matter jurisdiction to entertain the lawsuit. The Council opposed both motions to dismiss and to that end filed evidence and a memorandum of law in response thereto. On February 28, 2008, the trial court granted the motions to dismiss, entering the following findings:

1. That this action was an effort by the County Council to investigate two Constitutional offices' procedures concerning funds that were not appropriated by the Knox County Council for the budgets of the offices of the Sheriff or Prosecuting Attorney of Knox County.

2. That the Knox County Council has neither the requisite standing or [sic] statutory authority to pursue a claim against the Prosecuting Attorney or the Sheriff of Knox County, Indiana, concerning the administration of civil forfeitures.

3. The Knox County Council is without standing to pursue the claims made in this action as counties are known only through the boards of commissioners and can only act through their boards of commissioners.

4. It is the Board of Commissioners for a given county which has the exclu-

sive authority to sue or be sued on behalf of the county.

5. Therefore, the Court lacks jurisdiction and the plaintiff's claims must therefore be dismissed pursuant to Indiana Trial Rule 12(B)(1).

6. In addition, the Court finds that the evidence submitted to the Court on February 11, 2008, in the plaintiff, Knox County Council's Evidence in Response to Motion to Dismiss is hereby stricken from the record. The Court finds that none of the evidentiary materials were relevant to any jurisdictional fact concerning the Knox County Council's standing or capacity to sue in this type of cause. The attorney for the Knox County Council stated in oral argument that they are not alleging that the Prosecutor or Sheriff did anything wrong or illegal but then had a section of their memorandum labeled "misconduct". The Plaintiff also submitted and relied on "audits" that had not reviewed all relevant records, and attached an anonymous letter that the Court finds is not only legally inappropriate, but morally suspect, and constitutes nothing but cowardly hearsay with little or no indicia of reliability.

*Id.* at 6–7 (citations to authority omitted). The Council appeals this ruling.

The Council contends the trial court erred in determining the Council does not have standing to pursue legal action against the Prosecutor and Sheriff on behalf of the County with respect to Count II. The judicial doctrine of standing dictates whether the complaining party in a lawsuit is a proper party to invoke the court's power. *Huffman v. Office of Envtl. Adjudication,* 811 N.E.2d 806 (Ind. 2004). The question generally is one of law, not fact. *Vectren Energy Marketing & Serv., Inc. v. Executive Risk Specialty Ins. Co.,* 875 N.E.2d 774 (Ind.Ct.App.2007), *trans. denied.* "The standing requirement 'is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury.'" *Id.* at 777 (quoting *Schloss v. City of Indianapolis,* 553 N.E.2d 1204, 1206 (Ind.1990)). To establish standing, a plaintiff must demonstrate a personal stake in the outcome or show that he or she has sustained, or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue. *Vectren Energy Marketing & Serv., Inc. v. Executive Risk Specialty Ins. Co.,* 875 N.E.2d 774.

■ Citing *Board of Comm'rs of Newton County v. Wild,* 37 Ind.App. 32, 76 N.E. 256, 257 (1905), the trial court determined that the Council does not have standing to initiate an action under APRA because in so doing, the Council was acting on behalf of the County, and the County can act in this fashion only under the auspices of the county board of commissioners. The Council contends upon appeal it is specifically authorized by APRA to obtain the requested information. We begin by examining APRA's provisions.

We note at the outset that the Sheriff and the Prosecutor do not dispute that the materials the Council seeks are generally discoverable under APRA, nor could they successfully do so, given the expansive definition of "public record" under APRA.[3] Pursuant to I.C. § 5–14–1.5–1, the purpose of APRA is explained as follows:

> any writing, paper, report, study, map, photography, book, card, tape recording, or

---

3. A public record under APRA is defined as:

In enacting this chapter, the general assembly finds and declares that this state and its political subdivisions exist only to aid in the conduct of the business of the people of this state. It is the intent of this chapter that the official action of public agencies be conducted and taken openly, unless otherwise expressly provided by statute, in order that the people may be fully informed. The purposes of this chapter are remedial, and its provisions are to be liberally construed with the view of carrying out its policy.

Consistent with this purpose, under APRA "[a]n action may be filed by *any person* in any court of competent jurisdiction[.]" I.C. § 5–14–1.5–7 (West, PREMISE through 2007 1st Regular Sess.) (emphasis supplied). According to I.C. § 5–14–1.5–2(k) (West, PREMISE through 2007 1st Regular Sess.), a "person" in this context "means an individual, a corporation, a limited liability company, a partnership, an unincorporated association, or *a governmental entity.*" (Emphasis supplied.) The Sheriff and the Prosecutor do not dispute that the Council is a governmental entity.

■ It would seem, therefore, that the provisions of APRA support the Council's position, i.e., (1) the materials sought by the Council are discoverable under APRA; (2) governmental entities are "persons" authorized by APRA to initiate an action to obtain materials under APRA; and (3) the Council is a governmental entity. The Sheriff and the Prosecutor counter, however, that notwithstanding the foregoing pro-

visions, "the Council is the legislative body of the county government, which implies that it cannot act for its own benefit as a body separate from the county or for the benefit of the members of which it is comprised." *Appellee's Brief* at 5. Citing multiple cases as authority, the Sheriff and the Prosecutor contend the Council's APRA action violates the long-standing principle that " 'the county is known in law only by its board of commissioners, and acts, as a county, through its board.' " *Id.* (quoting *Board of Comm'rs of Newton County v. Wild,* 37 Ind.App. 32, 76 N.E. at 257). Further, the Sheriff and the Prosecutor contend that conferring standing upon the Council to pursue an APRA action such as this would violate "the basis upon which our government is founded, that of separation of powers." *Appellee's Brief* at 6.

■ Our Supreme Court has described the separation of powers provision as the keystone of our form of government and has required that its provisions be strictly construed. *See Book v. State Office Bldg. Comm'n,* 238 Ind. 120, 149 N.E.2d 273 (1958). The separation of powers doctrine recognizes that each branch of the government has specific duties and powers that may not be usurped or infringed upon by the other branches of government. *State v. Monfort,* 723 N.E.2d 407 (Ind.2000). The doctrine ensures that the fundamental functions of each branch of government remain inviolate. *Bonney v. Indiana Fin. Auth.,* 849 N.E.2d 473 (Ind.2006).

In this case, the Appellees do not explain how permitting the Council to obtain

---

other material that is created, received, retained, maintained, or filed by or with a public agency and which is generated on paper, paper substitutes, photographic media, chemically based media, magnetic or machine readable media, electronically stored data, or any other material, regardless of form or characteristics.

I.C. § 5–14–3–2(m).

the requested records under APRA would enable the Council to "infringe" upon the functions of the Sheriff's Office and the Prosecutor's Office in a way that is not currently permissible. As the Appellees note, the Council is the legislative branch of the county government, and has certain specific budgetary responsibilities related to the Sheriff's Office and the Prosecutor's Office. In fact, again as noted by the Appellees, the Council is the County's fiscal body. As such, monitoring the County's forfeiture proceedings is surely within the Council's purview, especially in light of the fact that the funds realized therefrom are to be deposited in the County's general fund and the Council is the only body authorized to make appropriations from that fund. Moreover, and in fact more significantly, we reiterate that no one disputes that the records sought are proper subjects of an APRA action. Thus, any person in Knox County could obtain these records by filing an APRA action. Indeed, it appears to us that any member of the Council, as an individual, could have obtained those records via an APRA action. Having obtained the records either way, we can conceive of no legal impediment to that person taking the records thus obtained and delivering them to the Council. What, then, is to be gained by holding that the Council, qua Council, cannot obtain those records via an APRA action? That answer is nothing that we can discern.

Finally, we return to the provisions of APRA itself to validate our interpretation. As noted above, APRA was enacted upon the fundamental philosophy that our form of government is best served when citizens have access to "full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." I.C. § 5–14–3–1. Thus, the General Assembly included an expansive definition regarding those who could obtain documents via APRA's provisions, and that definition specifically included "a governmental entity", I.C. § 5–14–3–2(j), which the Council undeniably is. To the extent this specific provision conflicts with a general historical prohibition against a county council filing actions on behalf of the county, and because there are no separation-of-powers concerns present in this case, the more specific provision of APRA prevails. *Cf. Ross v. State,* 729 N.E.2d 113, 116 (Ind.2000) ("[w]hen faced with a general statute and a specific statute on the same subject, the more specific one should be applied").

The trial court erred in determining that the Council does not have standing to pursue this action under APRA, and we reverse the dismissal of the Council's lawsuit on that basis. We note that the other basis for dismissal cited by the court, i.e., its lack of subject matter jurisdiction, is a direct derivative of that erroneous conclusion and is therefore also erroneous.[4] The trial court is reversed and this matter is remanded with instructions to reinstate the Council's APRA action and to proceed in this case in a manner consistent with the principles set out in this opinion.

Judgment reversed and remanded with instruction.

DARDEN, J., and BARNES, J., concur.

---

4. Our holding in this regard renders moot any question regarding the trial court's ruling on the evidentiary materials submitted by the Council in response to the Appellees' motion to dismiss. That is, the trial court has jurisdiction over the Council's APRA lawsuit because the Council has standing under APRA to file it, without need to consider the evidentiary material in question.